*CITY OF CHICAGO, in the matter of ARTESIAN AVE.,

v.

H. P. THOMPSON ET AL.

1. DEDICATION.—The essential requisites of a valid dedication of real estate to public use, are, an intention or design on the part of the owner of the soil to so dedicate, to be clearly and satisfactorily shown, and, in the absence of an express dedication, acceptance and use by the public authorities and the public.

2. FAILURE TO PROVE DEDICATION.—In this case, which was a proceeding by the city to condemn land for opening a street, the evidence fails to prove a dedication, and the verdict of the jury cannot be sustained.

* Same, in the matter of Seymour Street v. L. C. P. Freer et al., and Same in the matter of Maplewood Ave. v. Charles S. Fairchild et al.

Appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding.  Opinion filed January 4, 1882.

Mr. Francis Adams and Messrs. Leaming & Thompson, for appellant; that there had been no grant, either by deed or pre-scription, and no user from which a previous grant could be implied, cited Gentleman v. Soule, 32 Ill. 271; Grube v. Nichols, 36 Ill. 92; Jennings v. Fisbury, 5 Gray, 73; 3 Kent's Com. *451; Washburn on Easements, 130.

The evidence fails to prove a dedication: Kelly v. Chicago, 48 Ill. 390; Gentleman v. Soule, 32 Ill. 271; Marcy v. Taylor, 19 Ill. 634; Fisk v. Town of Havana, 88 Ill. 208; Manrose v. Parker, 90 Ill. 581; Ill. Ins. Co. v. Littlefield, 67 Ill. 368; Kile v. Town of Logan, 87 Ill. 64; Harding v. Hale, 61 Ill. 192; Warren v. Jackson, 15 Ill. 266; Rees v. Chicago, 38 Ill. 322; Grube v. Nichols, 36 Ill. 92; State v. Raum, 32 Vt. 606; Morrison v. Marguordt, 24 Iowa, 54; Hoole v. Att'y Gen'l, 22 Ala. 196; Jennings v. Fisbury, 5 Gray, 73; Wood v. Hurd, 34 N. J. Law, 88; 3 Kent's Com. * 451; Angell on Highways, § 152; Washburn on Easements, 130.

Mr. John P. Wilson, for appellee Thompson; that dedica-tion may be established by user by the public with assent of the owner, and such user and acquiescence need not continue for any particular time, cited Chicago v. Wright 69 Ill. 318; Dillon on Corporations, § 494; 2 Greenleaf's Ev. § 662; Smith v. Town of Flora, 64 Ill. 93; Hiner v. Jeaupert, 65 Ill. 428; Warren v. Jacksonville, 15 Ill. 236; Simon v. The People, 17 Ill. 416; Rees v. Chicago, 38 Ill. 322; Barraclaugh v. John-son, 8 A. & E. 99; Marcy v. Taylor, 19 Ill. 634.

The question whether there had been a dedication is for the jury: Alvord v. Ashley, 17 Ill. 369; Town of Havana v. Biggs, 61 Ill. 192.

Messrs. Miller, Lewis & Bergen, for appellees, Freer and Fairchild; that a dedication cannot be revoked, cited Chicago v. Wright, 69 Ill. 318; Alton v. Ill. Trans. Co. 12 Ill. 60.

The fact of payment of taxes upon the land does not have

any weight in negativing a dedication: Chicago v. Wright, 69 Ill. 318; Lessur v. Hayden, 13 Wis. 159; Wyman v. State, 13 Wis. 663.

McAllister, J.   These cases arise upon proceedings by the city of Chicago for the opening and extension of the three respective streets above named, across block five of James Morgan's subdivision of that part of the east $33\frac{81}{100}$ acres of the southeast quarter of the southeast quarter of section twelve north, range thirteen, east of third principal meridian, lying north of the centre of Washington street, in the city of Chicago.   September 13, 1876, the city of Chicago filed petitions in the respective cases for the condemnation of the property required for the improvement, and that the compensation might be ascertained for property taken or damaged, for such improvement.   Such proceedings were had, that the amount of compensation was ascertained by a jury in the respective cases, and commissioners appointed to make the assessments upon property deemed benefited.   Upon the return of such commissioners, and on the application on the part of the city for confirmation of the assessments, objections having been made on behalf of the appellees, the matter came on for hearing in the court below before a jury, as required by statute. Among the objections it was set up that the several strips across said block five had been dedicated to the public for streets prior to the filing of said petitions for condemnation.

The three cases all depending upon the same state of facts, were, by agreement, heard together as one case.   The jury, after hearing the evidence of the respective parties, as to which there was some conflict, returned a verdict in the following form:   " We, the jury, find that the premises of the objectors are assessed more than they will be benefited, and more than their proportionate share of the cost of the improvement, for the reason that the property sought to be condemned in this proceeding had been dedicated to the public as a public street prior to the year 1876, and therefore the property of the objectors will not be benefited at all by the proposed improvement."

The City of Chicago entered a motion for a new trial, which was afterwards heard and overruled by the court, and judgment entered on the verdict, that confirmation of the assessment be denied, from which the city of Chicago prosecutes this appeal.

Section 145 (Art. 9, R. S. 1874) declares. "The hearing shall be conducted as in other cases at law; and if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the jury shall so find, and also find the amount for which such premises ought to be assessed, and judgment shall be rendered accordingly." Those things which the jury are so required to find in their verdict, are to be taken as the matters in issue in the case.

But the jury, instead of rendering a general verdict upon such issues, have returned a special verdict, from which it is submitted to the court to infer, as a matter of law, that the premises of the objectors are assessed more than they will be benefited, and more than their proportionate share of the cost of the improvement, and also that their premises ought not to be assessed for any amount, solely from the statement that the property sought to be condemned in that proceeding, had been dedicated to the public use as a public street prior to the year 1876.

We are of the opinion that this verdict is so substantially defective as respects the supposed dedication, and therefore as respects the matters required by the statute to be found by the jury, as that it should have been set aside. To support the conclusions which must be drawn, in order that the findings shall be in compliance with the statute, it was indispensable that the dedication was a valid one. It is a primary condition of every valid dedication, that it shall be made by the owner of the fee. Baugan v. Mann, 59 Ill. 492.

The special verdict does not find by whom the supposed dedication was made, or, generally, that it was made by the owner of the fee at the time; nor is it so averred in any of the objections to the confirmation of the assessment.

In a case where there is no element of estoppel, we understand the law to be settled in this State, by repeated decisions of the Supreme Court, that the essential requisites of a valid dedication of real estate to public use are: an intention or design on the part of the owner of the soil to so dedicate, to be clearly and satisfactorily shown; and in the absence of an express dedication, acceptance and user by the public authorities and the public.

We have carefully examined the evidence in this record. It appears that James Morgan was the owner of the land at the time in question. There is nothing in the evidence tending to establish any element of estoppel, or of an express dedication; nor is there any tending to prove any act or declaration on his part, showing an intention to dedicate these several strips of ground in question to public use as streets; nor is there anything in the circumstances shown, from which such intention may be clearly inferred. We think the verdict was unsupported by the evidence, and that the court erred in not granting a new trial. The judgment of the court below must, therefore, be reversed and the cause remanded.

Reversed and remanded.